**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PRISCILLIANO AVALOS-SUAREZ,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

Respondent.

No.    16-72773

Agency No. A070-347-934

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 8, 2018
Seattle, Washington

Before:  McKEOWN and FRIEDLAND, Circuit Judges, and BOLTON,** District
Judge.

Priscilliano Avalos-Suarez ("Avalos-Suarez"), a native and citizen of

Mexico, petitions for review of the Board of Immigration Appeals' (BIA's) denial

of his motion to reopen his 1993 deportation proceedings *sua sponte*.  We have

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

jurisdiction to review BIA "decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decision[] for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Because the BIA misinterpreted *Perez-Enriquez v. Gonzales*, 463 F.3d 1007 (9th Cir. 2006) (en banc), we remand to the BIA.

The BIA misinterpreted *Perez-Enriquez*, citing it for the proposition that there was a "lack of clarity . . . in the law" about admissibility of Special Agricultural Worker (SAW) permanent residents like Avalos-Suarez at the time of his 1993 arrest and deportation. Relying on this legal uncertainty, the BIA concluded there were no egregious circumstances that would warrant reopening his 1993 deportation proceedings, during which he was not informed of his legal status. However, *Perez-Enriquez* supports the opposite proposition: there was legal clarity. In that case, we explained the BIA had "consistently" interpreted the law to mean that admissibility for agricultural workers under the SAW program is "determined as of the date of adjustment of status to lawful temporary resident" and "is not redetermined as of the date of automatic adjustment of status to lawful permanent resident." *Perez-Enriquez*, 463 F.3d at 1014-15. Because of this misunderstanding, the BIA failed to "exercise its authority against the correct 'legal background.'" *Bonilla*, 840 F.3d at 588. We remand so the BIA can address, without this legal error, whether there are exceptional circumstances to

warrant *sua sponte* reopening.

**REMANDED.**